NO. 07-09-00206-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



AUGUST
15, 2011

 



 

NICK LEE GRIEGO, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 242ND DISTRICT COURT OF
HALE COUNTY;

 

NO. B17934-0902; HONORABLE EDWARD LEE SELF, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ORDER

            Appellant,
Nick Lee Griego, has filed a motion in which he requests that this Court set
reasonable bail pending final disposition of his appeal.  We grant his motion.

            Appellant
originally appealed his conviction by jury of the third-degree felony offense
of evading arrest or detention using a vehicle and having been previously
convicted of evading arrest or detention. 
See Tex. Penal Code Ann.
§ 38.04(b)(2)(A) (West 2011).  Following
a complex procedural journey, appellant’s case was remanded to this Court with
directions to reconsider the issues he raises in light of Brooks v. State,
323 S.W.3d 893 (Tex.Crim.App. 2010).  We
have done so.  See Griego v.
State, 07-09-00206-CR, 2011 Tex. App. LEXIS 5477 (Tex.App.—Amarillo July
18, 2011, no pet. h.).

            In
our most recent opinion, we rendered a judgment of acquittal as to the
third-degree felony offense because the State, admittedly, failed to introduce
evidence that appellant had, in fact, been previously convicted of evading
arrest or detention.  Id. at
*13–14.  We then found that, based on our
review of the evidence, there was insufficient evidence to support a finding
that appellant was guilty of the state jail felony offense of evading arrest or
detention using a motor vehicle and, therefore, declined to reform the judgment
to reflect such a conviction.   See
Tex. Penal Code Ann. §
38.04(b)(1)(B); Griego, 2011 Tex. App. LEXIS 5477, at *31.  We did, however, find that the evidence was
sufficient to support a conviction for evading arrest or detention, a class B
misdemeanor, and remanded the cause to the trial court for a new trial on
punishment.  See Griego,
2011 Tex. App. LEXIS 5477, at *35.

            Appellant
has filed in this Court his motion for reasonable bail pending final
determination of his appeal.  We are
authorized to set bail upon request by an appellant in the following
circumstances:

If a conviction is reversed by a decision of a Court of Appeals, the
defendant, if in custody, is entitled to release on reasonable bail, regardless
of the length of term of imprisonment, pending final determination of an appeal
by the state or the defendant on a motion for discretionary review.  If the defendant requests bail before a petition
for discretionary review has been filed, the Court of Appeals shall determine
the amount of bail.  If the defendant
requests bail after a petition for discretionary review has been filed, the
Court of Criminal Appeals shall determine the amount of bail.  The sureties on the bail must be approved by
the court where the trial was had.  The
defendant's right to release under this subsection attaches immediately on the
issuance of the Court of Appeals’ final ruling as defined by Tex.Cr.App.R.
209(c).[1]

Tex. Code
Crim. Proc. Ann. art.
44.04(h) (West 2007).  So, having
reversed appellant’s conviction and having been requested to set bail at a time
prior to the filing of a petition for discretionary review, we have authority
to consider appellant’s motion.

            Though
article 44.04(h) directs that the defendant be released on reasonable bail
under these circumstances, it does not specify the factors we are to consider
when determining the appropriate sum.  We
are not without guidance, however. 
Certain general rules govern the amount of bail to be required:

1. The bail shall be sufficiently high to give
reasonable assurance that the undertaking will be complied with.

 

2. The power to require bail is not to be so used as
to make it an instrument of oppression.

 

3. The nature of the offense and the circumstances
under which it was committed are to be considered.

 

4. The ability to make bail is to be regarded, and
proof may be taken upon this point.

 

5. The future safety of a victim of the alleged
offense and the community shall be considered.

 

Id. art. 17.15 (West 2005).  Consistent with article 17.15’s general
principles, the Texas Court of Criminal Appeals outlined more specific factors
to be taken into consideration when determining reasonable bail: (1) the length
of the sentence, (2) the nature of the offense, (3) work history, (4) family
and community ties, (5) length of residency, (6) ability to make the bond, (7)
criminal history, (8) conformity with previous bond conditions, (9) existence
of other outstanding bonds, and (10) aggravating factors involved in the
offense.  Ex parte Rubac, 611
S.W.2d 848, 849–50 (Tex.Crim.App. 1981). 
When, as here, the issue is reasonable bail pending final determination
of an appeal following a reversal by an appellate court, the Fourteenth Court
of Appeals outlined additional, perhaps even more specifically-tailored,
considerations: (1) the fact that the conviction has been overturned, (2) the
State’s ability (or inability) to retry the appellant, and (3) the likelihood
that the decision of the court of appeals will be overturned.  See Aviles v. State, 26 S.W.3d
696, 699 (Tex.App.—Houston [14th Dist.] 2000, pet. ref’d).

            With
these several considerations in mind, we turn to appellant’s motion.  Appellant’s motion provides very little new
information that would aid in our determination.  He points out that he has been incarcerated
since June 2009 and represents that he is in poor health and in need of medical
care.  The record on direct appeal
provides us with additional information.

            From
the record, we observe that appellant’s criminal history is fairly
significant.  As an adult, appellant has
been charged with five offenses, ranging from the Class A misdemeanor of
resisting arrest to the third-degree felony offense of tampering with
evidence.  The other three offenses were
state jail felonies.

            In
the instant case, appellant was originally charged with and convicted of
another third-degree felony, but the State conceded that its failure to
introduce evidence of a prior evading arrest or detention conviction at the
guilt-innocence phase of trial rendered the evidence insufficient to sustain a
conviction for the third-degree felony offense. 
See Tex. Penal Code Ann.
§ 38.04(b)(2)(A).  We agreed with the
State’s concession, found the evidence insufficient, and rendered a judgment of
acquittal as to the third-degree felony. 
The State urged us to find the evidence sufficient to sustain a
conviction of the state jail felony offense of evading arrest or detention
using a motor vehicle.  See Haynes
v. State, 273 S.W.3d 183, 184 (Tex.Crim.App. 2008) (authorizing us to
reform the judgment to reflect that appellant was convicted of the state jail
felony if such offense was included in the jury charge and if the evidence was
sufficient to support such conviction). 
We found, instead, that the evidence was also insufficient to support a
conviction for the state jail felony.  We
may and do consider the fact that the State may not retry appellant for the
third-degree or state jail felony offense. 

            This
observation leads to other relevant considerations: the length of sentence and
the nature of the offense.  See Rubac,
611 S.W.2d at 849.  We determined that
the evidence was sufficient to support the finding that appellant was guilty of
the class B misdemeanor, the maximum punishment for which is 180 days’
confinement.  See Tex. Penal Code Ann. § 12.22 (West
2011).  As it stands, then, appellant has
been incarcerated well beyond the unenhanced maximum sentence for the offense
of a class B misdemeanor.  That is not to
say, however, that the State will be unable to enhance punishment for the
misdemeanor offense by properly employing appellant’s prior convictions.  Nonetheless, we note that enhancement of a
class B misdemeanor effects not the maximum punishment, but only the minimum
punishment, making it mandatory that a defendant spend at least thirty days in
jail.  See id. § 12.43(b)
(West 2011).  So, it remains that the
time appellant has spent in jail has exceeded the maximum punishment for a
class B misdemeanor.

Not to minimize any attempt to avoid
detention by police, we also note the offense with which appellant was charged
is a nonviolent one.  Here, the State
made no allegation that appellant used his car as a deadly weapon.  Nor, as we have observed, was there any
evidence of reckless or erratic driving.

            We
also consider appellant’s financial resources. 
See Rubac, 611 S.W.2d at 849.  In his affidavit of financial status executed
prior to trial, appellant represented that he had a gross monthly income of
$1,600.00 to $2,000.00 and monthly expenses ranging from $1,095.00 to
$1,195.00.  Appellant was represented by
appointed counsel both at trial and throughout the appeal process, suggesting
that he was indigent.  Considering that
appellant has been incarcerated for over two years, we presume that his
financial status has not improved.  In an
affidavit in support of his motion, appellant maintains that he is without
money or property that could be sold to raise funds to post a bond on appeal in
any amount, explaining that the only means he has of securing money for a bond
is through assistance of his three brothers. 
His brothers have been able to garner $1,000.00 that they are prepared
to use for appellant’s bail.

            The
record lends little assistance to our attempt to determine the nature and
degree of appellant’s ties to the community of Plainview.  From their separate affidavits, it would
appear that appellant’s three brothers live in Norman, Oklahoma.  The record indicates, however, that appellant
has been in Hale County for a number of years.

            With
respect to the likelihood that the Texas Court of Criminal Appeals will reverse
our decision, we are respectfully hesitant to predict the high court’s
disposition of a petition for discretionary review in this case and will go
only so far as to say that we remain confident that our decision employed the
proper standard of review under Brooks, that the evidence was
insufficient to sustain a conviction for the third-degree or state jail felony,
and that our disposition of the case was correct under the law.  We do, however, note that the timing of this
case in relation to the abrogation of factual sufficiency review in Brooks
does lend a certain vulnerability to our disposition.  That is, although the Brooks court
noted that the standard is far from new, the application of a single
evidentiary sufficiency standard in this case presents some room for
interpretation and further development.

            Appellant’s
pretrial bail was originally set at $5,000.00 but, it having been determined
that such amount was insufficient, was increased to $10,000.00.  In his motion, he requests that this Court
set bail at $1,000.00.  Considering the
factors on which we have been provided information and endeavoring to strike a
balance between ensuring appellant’s presence and avoiding oppressive bail, we
GRANT appellant’s Motion for Reasonable Bail Pending Final Determination of
Appeal and set bail pending final determination of appeal at $1,500.00.  See Tex.
Code Crim. Proc. Ann. art. 44.04(h).

IT IS SO ORDERED.

 

Per
Curiam

 

Do not publish.  

 

 











[1] As the Waco Court explained, the former Rule 209(c)
of the Texas Rules of Post Trial and Appellate Procedure in Criminal Cases
provided:

As used in these rules, ‘final ruling of the court’ means (1) the 16th
day after the date of the delivery of the court’s opinion or order where a
motion for rehearing is permitted under Rule 208 but is not filed or rehearing
is not granted on the court’s own motion, (2) the day after the date of the
overruling of a motion for rehearing where a further motion for rehearing is
not permitted under Rule 208, or (3) if a motion for rehearing pursuant to Rule
208(d) is granted, the day after the date of the disposition of the case on
rehearing, whichever is later.

In re Keeter,
134 S.W.3d 250, 253 (Tex.App.—Waco 2003, orig. proceeding).